**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00083 VAP(DTBx)                Date:  February 10, 2010

Title:      BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME
            LOANS SERVICING, LP -v- JORGE E. CASTRO, et al.
===========================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                           None Present
        Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR               ATTORNEYS PRESENT FOR
PLAINTIFFS:                         DEFENDANTS:

        None                                None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                    SUPERIOR COURT, RIVERSIDE COUNTY (IN
                    CHAMBERS)

    Plaintiff BAC Loan Servicing, LP ("Plaintiff") filed a "Complaint for Unlawful
Detainer" against Defendants Jorge E. Castro, Luz H. Castro, and Emigidio
Zaragoza ("Defendants") in the California Superior Court for Riverside County.  On
February 2, 2010, Defendants removed the action on the basis of federal question
and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (<u>See</u> Not. of Removal at 2.)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, <u>et seq</u>.
The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring
"the defendant always has the burden of establishing that removal is proper."  <u>Gaus</u>

MINUTES FORM 11                         Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

EDCV 10-00083 VAP(DTBx)
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP v JORGE E. CASTRO, et al.
MINUTE ORDER of February 10, 2010

v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants claim one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law.  (See Not. of Removal at 2:5–6.)  Defendants have not provided the Court with a copy of the Complaint, as required by 28 U.S.C. § 1446(a).  Based on the Answers filed by Defendants, however, it appears that  the claim is for unlawful detainer, a California state law claim.  Accordingly, Defendants fail to meet their burden of showing that the Court has jurisdiction under 28 U.S.C. § 1331.

Defendants also claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2:11–27.)  Defendants fail, however, to allege the citizenship of Plaintiff.  Defendants therefore fail to meet their burden of showing the existence of complete diversity among the parties.

Defendants have not met their burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**

MINUTES FORM 11                                          Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 2